UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MCCURTY,

    Plaintiff,

v.

B. AGUIRRE, et al.,

    Defendants.

Case No. 19-cv-03090-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner who is currently incarcerated at California Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging various violations of his federal civil rights against several CTF officials. Dkt. 1 at 10-11.[1] Plaintiff also invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 in order to bring state law claims.

Plaintiff names the following Defendants from CTF: Correctional Officers B. Aguirre, M. Zavala, G. Morales, J. Ibarra, and G. Lopez; Correctional Sergeant C. Woods, II; Acting Warden C. Koenig; and John Does 1-5. *Id.* at 5. Plaintiff seeks declaratory relief and monetary damages.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who is African-American, alleges that on January 11, 2019, he was subjected to excessive force by Defendant Aguirre. Dkt. 1 at 6. Specifically, Plaintiff alleges that on the date of the incident, Defendant Zavala ordered all inmates to place their hands on the wall, and the inmates complied. *Id.* Defendant Aguirre positioned himself behind Plaintiff and told Plaintiff to put his hands on the wall. *Id.* Plaintiff told Defendant Aguirre, "Why are you telling me to do something I am already doing?" *Id.* Defendant Aguirre then grabbed Plaintiff's shirt, planted his foot and plunged his elbow into Plaintiff's back area. *Id.* Plaintiff hit the wall. *Id.* Plaintiff claims that prior to this incident he had his hands up on the wall in the position for a clothed body search. *Id.* Plaintiff also claims that Defendants Zavala, Morales, Ibarra, Lopez and Woods were present during the alleged use of force incident, but they failed to intervene or report the incident to their supervisor. *Id.* at 7. Also, Plaintiff claims that when Defendant Zavala wrote a report about the incident, Defendant Zavala did not report the alleged use of force by Defendant Aguirre on Plaintiff. *Id.* Instead, Defendant Zavala "deliberately limited the report to searching and did not include the other defendants." *Id.* Plaintiff complained to Defendant Lopez of having pain in his back and requested to see the doctor. *Id.* Defendant Lopez denied Plaintiff's request to see the doctor. *Id.* Plaintiff then complained to Defendant Woods, but Defendant Woods denied Plaintiff's request to see the doctor and instructed him to speak with the program sergeant. *Id.* at 6-7. Plaintiff also claims that Defendants Aguirre, Zavala, Morales, and Ibarra were also present when Plaintiff asked to see a doctor but they failed to make "any attempt to allow Plaintiff to get

2

medical attention for his pain." *Id.* at 9.

Also, on January 11, 2019, Defendant Zavala found an "inmate manufactured lighter (contraband) on the ground in the area where the clothed body searches were being conducted," but Defendant Zavala "falsified" the property receipt by stating that the contraband was removed from Plaintiff's cell. *Id.* at 8. Plaintiff informed Defendant Zavala that he was going to file a 602 inmate appeal against him for falsifying the report. *Id.* Defendant Zavala replied, "I'm going to write you a 115 [Rules Violation Report ("RVR") . . . two can play that game." *Id.* Defendant Zavala drafted an RVR for his "disruptive behavior which could lead to violence" dated January 11, 2019, stemming from the incident on that date and claiming that Plaintiff yelled various phrases about Defendant Zavala being a "racist." *Id.*, Ex. A1.

On January 12, 2019, Plaintiff submitted a health care service request form in which he "complained of back pain and stiffness in his upper back and difficulty with range of motion." *Id.* at 7. Plaintiff claims he is "taking the pain medication 'Naproxen 500 mg.'" *Id.*

On January 13, 2019, Plaintiff submitted a 602 inmate appeal in which he "requested, among other things, that the use of force be investigated and Defendant Aguirre explain his misconduct for his actions." *Id.*

On January 18, 2019, Plaintiff filed a 602 inmate appeal against Defendant Zavala for falsifying the aforementioned property receipt. *Id.* at 8.

On January 24, 2019, Plaintiff claims that Defendant Zavala moved him out of the C-Unit at CTF, where he had been housed for "approximately four years and had no problem with staff." *Id.* at 9. Plaintiff further notes that on January 24, 2019, Defendant Zavala also moved four other African-American inmates "who allegedly filed grievances against [her]" out of C-Unit. *Id.*

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

In addition, deliberate indifference to a prisoner's serious medical needs amounts to the

3

cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The requirements for mental health care are the same as those for physical health care needs. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Furthermore, retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). A claim may be stated under section 1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. *See Mt. Healthy*, 429 U.S. at 283-84. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The right of access to the courts extends to the exercise of established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), such that a prisoner may not be retaliated against for using such procedures. *Rhodes*, 408 F.3d at 567; *Bruce v. Ylst*, 351 F3d 1283, 1288 (9th Cir. 2003).

Liberally construed, Plaintiff's allegations appear to state the following cognizable claims:
(1) Eighth Amendment excessive force and deliberate indifference claims against
    Defendants Aguirre, Zavala, Morales, Ibarra, Lopez and Woods; and
(2) a First Amendment retaliation claim against Defendant Zavala.

Plaintiff names Defendant Koenig (the CTF acting warden), but Plaintiff does not claim that this Defendant personally violated his constitutional rights. Rather, Plaintiff seems to contend that Defendant Koenig is liable based on the conduct of his subordinates—the Defendants named above. Respondeat superior liability is not available under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability

4

Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendant Koenig. Therefore, Plaintiff's supervisory liability claim against Defendant Koenig is DISMISSED without prejudice.

Plaintiff identifies "John Doe 1 through 5" whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id*. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amendment to the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Plaintiff alleges a violation of provisions of California law during his incarceration at CTF. Dkt. 1 at 5, 10. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state law tort claims.

Finally, the Court notes that Plaintiff lists one last Defendant named "Dunstan" in the "Claims for Relief" section of his complaint. Dkt. 1 at 11. However, this Defendant is not linked specifically to the allegations in the body of the complaint. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act

5

which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Because Plaintiff has not linked Defendant Dustan to his allegations, his claim cannot proceed against this Defendant and thus it is DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's supervisory liability claim against Defendant Koenig is DISMISSED without prejudice.

2. The claims against the Doe Defendants (John Doe 1 Through 5) are DISMISSED without prejudice.

3. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

4. The claim against Defendant Dustan is DISMISSED without prejudice.

5. The claims against the remaining Defendants have been found to be cognizable, as described above.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants at CTF: **Correctional Officers B. Aguirre, M. Zavala, G. Morales, J. Ibarra, and G. Lopez; and Correctional Sergeant C. Woods, II.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

       8. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

       a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id*. But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id*. at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

8

prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 16, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge